IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrell L. Goss, Sr.,<br><br>Plaintiff,<br><br>vs.<br><br>James W. Larry, Troy O. Rock, Carmen Carpenter, Tanesha Edwards, Williemary Scott, Marcus Russell, Johnny Rich, Nathan G. Saverence, Katherine L. Kennedy, South Carolina Department of Corrections,<br><br>Defendants. | C/A No. 2:20-cv-02978-JFA-MGB<br><br><br>**MEMORANDUM OPINION & ORDER** |

## I. INTRODUCTION

Plaintiff, *pro se* and *in forma pauperis*, filed this action on August 18, 2020, pursuant to 42 U.S.C. § 1983. Plaintiff alleges constitutional claims arising from events that occurred on January 16, 2018. (ECF No. 19). On March 5, 2021, the summons for Defendant James W. Larry ("Defendant Larry") was returned, unexecuted. (ECF No. 35). The returned summons indicates that Defendant Larry is deceased. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

1

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 45). Within the Report, the Magistrate Judge recommends Defendant Larry be dismissed without prejudice for lack of prosecution, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (ECF No. 45). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. No objections to the Report were filed. Therefore, this matter is ripe for review.

II.     **STANDARD OF REVIEW**

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. Plaintiff was advised of his right to file objections to the

3

Report (ECF No. 45). However, Plaintiff filed no objections to the Report. In the absence of objections to the Magistrate Judge's Report, this Court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir.1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed.R.Civ.P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir.1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir.1984).

Rule 25(a) authorizes the substitution of proper parties when an existing party dies after the suit is commenced. Fed. R. Civ. P. 25(a). It does not apply if the death occurred before the suit was filed. *See Mizukami v. Buras*, 419 F.2d 1319, 1320, 13 Fed. R. Serv. 2d 755 (5th Cir. 1969); *Washington v. Baltimore Police Department*, 457 F. Supp. 3d 520, 544 (D. Md. 2020). On March 24, 2021, defense counsel communicated to the Court that he "contacted the Lee County Probate Court and was informed that Defendant Larry died on December 30, 2018." (ECF No. 43). As the Magistrate Judge correctly noted in the Report, because Defendant Larry died before Plaintiff filed this lawsuit on August 18, 2020, substitution under Rule 25 is not allowed.

Here, Defendant Larry's death preceded Plaintiff's Complaint by nearly two (2) years. Thus, no procedural mechanism exists for the Court to substitute his presence in this case for that of a personal representative of his estate. *See Moul v. Pace*, 261 F. Supp. 616, 617–18 (D. Md. 1966); *Chorney v. Callahan*, 135 F. Supp. 35, 36 (D. Mass. 1955) (explaining that once a suit is filed against an individual who passed away before the complaint's filing, "[a]t that point the purported action [is] a nullity, for a dead man obviously cannot be named party defendant in an action"). Because substitution is not possible if one who was named as a party in fact died before the commencement of the action, the Magistrate Judge recommends Defendant Larry be dismissed without prejudice for lack of prosecution, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. This Court agrees.

### IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's Report fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation in full. (ECF No. 45). The claims against Defendant Larry are dismissed without prejudice.

IT IS SO ORDERED.

June 22, 2021
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge